CULPEPPER, Judge.
Vermilion Sand Company, Inc. filed this suit against H. & D. Sand & Gravel Company, Inc. and its president, Herman Greer, to require defendants to execute an act of retrocession to plaintiff of a sand and gravel lease and certain equipment. Plaintiff had assigned the lease and sold the equipment to H. & D. Sand & Gravel Company, Inc. under a credit transfer which provided for retrocession to plaintiff and forfeiture of all amounts paid, in the event of failure of H. & D. to pay the installments when due or to comply with any other provisions of the contract. Defendants filed a reconventional demand to recover alleged overpayment of the purchase price in the amount of $1814.64. The trial court rejected plaintiff’s demands and awarded defendants the sum of $1297.52 on the reconvention. Plaintiff appealed.
The principal issue is whether defendants must execute an act retroceding the lease and equipment to plaintiff.
On October 16, 1966, plaintiff leased a sand and gravel pit from Anese Broussard. On June 2, 1969, plaintiff sold the machinery and assigned its rights as lessee to H. & D. Of the $54,000 purchase price, H. & D. paid $6,000 cash and executed three promissory notes in favor of plaintiff, i. e., two each for the sum of $12,000 and the other for the sum of $24,000. The notes were payable in installments on or before January 1 and July 1 of each year, commencing January 1, 1970. Each $12,000 note was payable in installments of $1,500, while the $24,000 note was to be paid in $3,000 installments.
The contract also provides in pertinent part:
“As further consideration for the property received herein, the said vendee, H & D Sand & Gravel Company, Inc., agrees and obligates itself to maintain all equipment in a reasonable state of repair at all times until the said amount of $54,000.00 plus 7% interest is fully paid. Vendee agrees furthermore to pay the landowner’s royalty promptly each month in accordance with the schedule incorporated herein. None of the property, or rights, titles and interests conveyed herein shall be mortgaged, sold or alienated, in any way without the expressed written permission of the vendor herein.
“Should the vendee, H & D Sand & Gravel Company, Inc., fail to make its installments as hereinabove provided or should violate any other obligation hereunder, the note shall mature in its entirety and at once become due and payable, and the vendee shall forfeit all payments made hereunder and shall retrocede all of its rights, titles, and interests in and to the property herein conveyed, when requested so to do. Vermilion Sand Company, Inc., will then have the property retroceded appraised by three appraisers and the vendee’s account credited with said appraised valuation, reserving unto itself the right to proceed for any deficiency between the amount of this sale and the credit so granted. The vendee shall appoint one appraiser and the vendor herein shall name one appraiser and both so designated will name a third, and their valuation shall be binding as to the amount of credit to be given the vendee in the event of non payment as herein agreed or in the event that the note should mature.
“Now, in order to more fully secure the punctual payment of said note and all *380 accruing interest thereon as well as attorney fees herein fixed at 15% in case of suit, the purchaser herein specifically and specially mortgages unto the vendor and future holder or holders of said note, all of the property herein sold, vendor retaining a special mortgage and vendor’s privilege to which the purchaser consents, purchaser binding and obligating itself and heirs and assigns not to sell, alienate or otherwise encumber said property to the prejudice of this act.
“And the said purchaser does by these presents consent, agree and stipulate that in the event of the said note not being punctually paid at maturity it shall be lawful for, and the said purchaser hereby authorizes the said mortgagee, or any holder or holders thereof to cause all and singular the property hereinabove described and herein mortgaged to be seized and sold under executory process, to the highest bidder payable cash; the said mortgagor hereby expressly dispensing with all and every appraisement of movable and immovable effects, seized and sold under executory process, or other legal process, the mortgagor hereby confessing judgment in favor of the mortgagee, and such person or persons as may be the holder or holders of said note for the full amount thereof, capital and interest, With all costs, charges and expenses whatsoever.”
By act dated July 12, 1972, H, & D. assigned the lease and sold the equipment to Acadian Sand and Gravel Company, Inc. for the sum of $130,000. Defendants did not obtain prior written permission from plaintiff for the sale of Acadian.
By letter dated October 5, 1972, plaintiff’s attorney informed defendant Greer that his company had violated the terms of the contract by selling the equipment and the leasehold interests without written permission from the plaintiff. Plaintiff demanded not only payment in full of the notes, but also the execution by defendants of an act retroceding the lease and equipment to plaintiff.
On October 11, 1972, defendant Greer paid the remaining balance due on the $24,000 note and that due on one of the $12,000 notes. Payment in full was accepted by Robert Boone, the assistant cashier at the Bank of Commerce and Trust Company in Crowley, to which the notes had been pledged to secure loans made to John N. John, Jr., plaintiff’s president and largest stockholder. Mr. Greer also tendered payment of the balance due on the other $12,000 note held by William Bess, plaintiff’s other stockholder. Bess accepted delivery of defendant’s check, but did not cash it, on advice of his attorney. Thus, the entire debt was paid or tendered before this suit was filed.
Plaintiff argues that under the above quoted language of the contract it is entitled to the retrocession since defendants failed to pay all of the installments when due and also violated the provision that defendants not sell the property without the prior written permission of the plaintiff. The argument is that under LSA-C.C. Article 1901 agreements have the effect of laws on those who execute them and must be enforced as written.
In addition to the right of retrocession, the vendor also expressly reserved a vendor’s lien and a mortgage on the lease and equipment. The right of retrocession and the vendor’s lien and mortgage are clearly security devices to secure payment of the principal debt. They were extinguished by the extinction of the debt which gave birth to the, LSA-C.C. Articles 3277 and 2411; Thrift Funds Canal, Inc. v. Foy, La., 260 So.2d 628 (1972).
In its brief filed in this Court, plaintiff has not argued that the district court erred in awarding defendant judgment on its re-conventional demand. Therefore, we will not consider this issue.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.